# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DR. STEPHANIE TARAPCHAK, | : | CIVIL NO. 3:15-cv-1499 |
| Petitioner | : | (Judge Munley) |
| v. | : | |
| WARDEN ROBERT MCMILLIAN, PA STATE ATTORNEY GENERAL, | : | |
| Respondents | : | |

## MEMORANDUM

On July 31, 2015, petitioner Stephanie Tarapchak ("petitioner"), a pre-trial detainee presently confined at the Lackawanna County Prison, Scranton, Pennsylvania, initiated the above petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). An amended petition was filed on August 13, 2015. (Doc. 5). The petition and amended petition have been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977)[1] and, it is concluded that the petition and amended petition are subject to summary dismissal because there are ongoing state court criminal proceedings in Lackawanna County Criminal Case Number CP-35-CR-0000550-2014.

---

[1]Rule 4, which governs preliminary review of petitions, states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself. . . . " Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

**I. Background**

Petitioner alleges that she was arrested on January 2, 2013, and bail was set at $100,000. (Doc. 5, ¶ 7). On April 28, 2014, she was granted a bail modification and placed on house arrest. (Id. at ¶ 9). On October 23, 2014, after violating the conditions of house arrest, she was taken into custody and imprisoned at the Lackawanna County Prison, where she remains incarcerated. (Id. at ¶ 13).

She alleges that she has been being illegally detained in the Lackawanna County Prison since October 27, 2014. (Id. at ¶ 28). On July 6, 2015, petitioner commenced a civil action in state court by the filing of a motion entitled "Petitioner's Motion to Make Rule Absolute and Grant Habeas Corpus Relief in the Nature of Immediate Release From Confinement." (Id. at ¶ 43). According to the electronic docket in Court of Common Pleas of Lackawanna County Criminal Case Number CP-35-CR-0000550-2014, retrieved from Pennsylvania's Unified Judicial System, http://ujsportal.pacourts.us/, on July 22, 2015, the Commonwealth opposed the petitioner's attempt for civil habeas corpus. On August 6, 2015, after a hearing, petitioner's motion was denied. (Doc. 5-1, p. 34).

**II. Discussion**

Pursuant to 28 U.S.C. § 2254, a person in state custody may file an application for a writ of habeas corpus challenging the fact or length of his or her confinement. See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). However, this section specifically provides that the person must be in custody pursuant to the judgment of a State court. See 28 U.S.C. § 2254(a). It is apparent from the instant petition

that petitioner has not yet been tried or convicted on the criminal charges she faces in Lackawanna County, and, thus, she is not yet in custody pursuant to the judgment of a state court.

Notwithstanding this deficiency, generally, federal courts must adjudicate all cases and controversies that are properly before them. New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." Heritage Farms, Inc. v. Solebury Twp., 671 F.2d 743, 746 (3d Cir. 1982). In Younger v. Harris, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." Yang v. Tsui, 416 F.3d 199, 202 (3d Cir. 2005) (discussing Younger, 401 U.S. 37 (1971)). The Younger Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." Younger, 401 U.S. at 43. Younger abstention applies when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (quoting Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir .2005)).

Notably, even when all requirements are met, abstention is not appropriate when the following extraordinary circumstances exist: "(1) the state proceedings are being undertaken

in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute. . . ." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989). These exceptions are to be narrowly construed. Loftus v. Twp. of Lawrence Park, 764 F. Supp. 354, 357 (W.D. Pa. 1991).

It is clear that petitioner is involved in ongoing criminal proceedings which implicate important state interests. It also appears from her recent amended application for habeas relief that the civil request for habeas relief was denied on August 6, 2015, after a hearing held in Court of Common Pleas of Lackawanna County Criminal Case Number CP-35-CR-0000550-2014. Because she would have appellate relief available at the state court level, there is an absence of extraordinary circumstances that would warrant the intervention of a federal court on this issue. Thus, out of deference to the state judicial process, it is appropriate to abstain from entertaining the petition. Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992).

### III. Conclusion

Based on the foregoing, the petition and amended petition will be dismissed without prejudice.

### IV. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under

4

28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, there is no basis for the issuance of a COA.

An appropriate order will issue.

                                                **BY THE COURT:**

                                                **s/James M. Munley**
                                                **JUDGE JAMES M. MUNLEY**
                                                **United States District Court**

Dated: August 31, 2015